**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE E. DIXON, ID # 1751862,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-5048-M-BH** |
| | ) | |
| **MUHAMMAD E. ZEEM, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I.  BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Dr. Muhammed A. Zeem, Parkland Hospital, Dallas County, and the Dallas County Jail.  He claims that while he was an inmate at the jail, Dr. Zeem prescribed him medications for pain in his foot but negligently failed to advise him about potential side effects.  Plaintiff was hospitalized as a result of the side effects, which included an inability to urinate, for several days in November and December of 2011. (Compl. at 3-4; Magistrate Judge's Questionnaire Answer "MJQ Ans."1, 4-5).[1]  He seeks monetary damages. (MJQ Ans 6).

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*,

---

[1] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983.  That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A.  **Non-Jural Entity**

Plaintiff names the Dallas County Jail as a defendant. (Compl. at 1, 4; MJQ Ans. 3).  A

2

plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  *Id.* at 313.   The Dallas County jail is not a jural entity subject to suit.  *See*, *e.g.*, *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998).  The claims against the Dallas County Jail should therefore be dismissed.

## B. <u>Medical Care</u>

Plaintiff sues Parkland Hospital, Dallas County, and Dr. Zeem for providing him inadequate medical care.

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind.  *Id.* at 834 (citations omitted).  The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate."  *Farmer*, 511 U.S. at 828.  This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or

omissions.  *Id.* at 835.  An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

This state of mind "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs."  *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### 1. <u>Hospital and County</u>

Plaintiff sues Parkland Hospital and Dallas County as Dr. Zeem's employers. (Compl. at 3-4; MJQ Ans. 2).

A governmental entity cannot be held liable under § 1983 on a theory of *respondeat superior* for the actions of its employees.  *See Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 691 (1978).[2]  To hold a governmental entity or municipality liable under § 1983, an inmate must show that the unconstitutional actions of jail officials resulted from a official policy or practice.  *Id.* at 694; *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005); *see also Neely v. Khurana*, 2009 WL 1605649 at *10 (N.D. Tex. June 5, 2009) (applying Monell to civil rights claim against Parkland Hospital); *Kinzie v. Dallas Co. Hospital Dist.*, 239 F.Supp.2d 618, 624 (N.D. Tex. 2003) (same).  This may include persistent or widespread practices which, although not officially authorized, are

---

[2]  Parkland Hospital System is a political subdivision of the State of Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.001, et. seq. (West 2001).

4

"so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995).  One incident does not show a policy or custom.  *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).  Moreover, in general, "single constitutional violations" are insufficient to infer a custom or policy.  *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001).

Plaintiff has failed to allege an official policy or practice of the hospital or the county to deprive inmates of their constitutional rights.  They therefore cannot be held liable for alleged civil rights violations under § 1983, and Plaintiff's claims against these defendants should be dismissed.

## 2.  <u>Doctor</u>

Plaintiff alleges that Dr. Zeem provided inadequate medical care by failing to advise of the potential side effects of the medication he prescribed.  (MJQ Ans 1).  Plaintiff concedes that the initial medication that he received was correct and that he received treatment for the side effects. (Compl. at 3; MJQ Ans. 4).

Plaintiff complains about the type of medical treatment he received.  Mere disagreement with medical treatment is insufficient to state a claim, however.  *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).  Neither negligent medical care nor medical malpractice rises to the level of a constitutional violation.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  Plaintiff does not state a constitutional violation because he does not allege that Dr. Zeem refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly.  *Johnson v. Treen*, 759 F.2d at 1238. His allegations about the actions of this defendant are not sufficient to state a violation of his constitutional rights.  *See Morgan v. TDCJ*, 537 Fed. App'x 502, 507 (5th Cir. July 31, 2013)

(prescribing a treatment that causes serious side effects does not rise to the level of a constitutional violation); *Dallas v. Stadler*, 73 Fed. App'x 79, *1 (5th Cir. June 24, 2003) (failing to advise an inmate of the side effects of a medication, for which he received medical care, is not deliberate indifference to a substantial risk of serious harm).  Plaintiff's claims against Dr. Zeem should be dismissed.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 18th day of February, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7